IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPECTRUM PRODUCE DISTRIBUTING, INC., | Civil No. 11-6368 (JBS-KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| FRESH MARKETING, INC., FRESH MARKETING FARM, LLC, MARIA DONATO and RALPH DONATO, | |
| Defendants. | |

SIMANDLE, District Judge:

This matter is before the Court upon an application for a Temporary Restraining Order and Order to Show Cause Without Notice to Defendants, pursuant to Rule 65(b)(2), Fed. R. Civ. P. The Plaintiff is Spectrum Produce Distributing, Inc., a seller of fresh produce located in Arizona, and the Defendants are Fresh Marketing, Inc., Fresh Marketing Farm, LLC, Maria Donato, and Ralph Donato, who conduct business of purchasing and reselling agricultural produce in New Jersey.  Plaintiff alleges, in brief, that it sold to Fresh Marketing, Inc., nine truckloads of grapes, a perishable agricultural commodity, at an agreed price of $325,426.50.  Defendants made a partial payment, but a balance of $304,298.50 remains due and owing to Plaintiff.

Pursuant to the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a [hereinafter referred to as "PACA"], Plaintiff seeks an Order to Show Cause with Temporary Restraints and Without Notice.  The Court has reviewed the submissions, including the Complaint, the Certification of Counsel pursuant to Fed. R. Civ. P. 65(b)(2), the Affidavit of Gary Blank (President of Plaintiff), the attachments thereto, and the Memorandum of Law in support of Plaintiff's application.  The Court makes the following findings in connection with Plaintiff's emergent application and reserves the opportunity to amend or supplement these findings at a future date.  The Court finds as follows:

1.   This Court has jurisdiction pursuant to 7 U.S.C. § 499E (c)(5)(i) and 28 U.S.C. § 1331.

2.   Between March 2011 and May 2011, Plaintiff sold to Defendant, Fresh Marketing, Inc., in interstate commerce, wholesale amounts of produce, namely fresh grapes, worth $325,426.50 which Defendant accepted, to which an outstanding balance remains of $304,298.50.  All Defendants have, by their conduct, acknowledged this indebtedness and have raised no recognized defense to their failure to have made prompt payment as required by PACA.

3.    Plaintiff's invoices for these grapes contained the language required by 7 U.S.C. § 499E(c)4 and Plaintiff remains a Trust beneficiary until full payment is made for the produce.

4.    The Plaintiff is a seller of perishable agricultural commodities and is the beneficiary of a statutory Trust provided for by PACA, see 7 U.S.C. § 499E(c)(1) and (2).  Under these provisions of law, the perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities, are to be held by the purchasers in a non-segregated floating trust for the benefit of all unpaid sellers.  Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 135-136 (3d Cir. 2000).  This Trust is created by operation of law upon the purchase of such goods, and the produce buyer is the statutory Trustee, here the Defendants.  Id. at 136.  Plaintiff, as the unpaid seller, has provided Notice of Intent to Preserve the Trust within thirty days after payment was due, as required by statute, through its invoices accompanying the grapes sold to and accepted by Defendants, which included the necessary statutory language preserving the PACA Trust.

5.    Plaintiff has met its burden of establishing that this Temporary Restraining Order should be considered and issued without further notice to Defendants pursuant to Rule 65(b), Fed. R. Civ. P.  Plaintiff's counsel, Minos H. Galanos, Esquire, has, in his Certification, certified specific facts that clearly show

that immediate and irreparable injury, loss, or damage will
result to the Plaintiff before the adverse party can be heard in
opposition, and he has certified in writing the efforts made to
give notice and the reasons why it should not be required at this
time before the entry of the requested Temporary Restraining
Order.  The evidence presently before the Court demonstrates that
Defendants have not paid Plaintiff the full amount due and owing
the Plaintiff, that they have admitted to Plaintiff that they
lack sufficient funds on hand to pay the Plaintiff, and that they
have effectively conceded that they have dissipated PACA Trust
assets belonging to Plaintiff.  Defendants have also advised
Plaintiff that they were in the process of possibly selling the
farm associated with Fresh Marketing, Inc. and Fresh Marketing
Farm, LLC, and all of their assets, thereby threatening further
and complete dissipation of such Trust assets.  It is also
apparent that Fresh Marketing, Inc. and Fresh Marketing Farm,
LLC, have comingled assets and responsibility with respect to
this PACA Trust, with Fresh Marketing Farm, LLC having stepped
forward to make, and to attempt to make, several partial payments
upon this debt.  Maria Donato and Ralph Donato are officers and
principals of Fresh Marketing, Inc., and Fresh Marketing Farms,
LLC, who are liable to maintain and preserve the PACA trust,
owing a duty to Plaintiff to do so and to render payment for
Plaintiff's grapes.  Under these circumstances, the Court finds

that an adequate remedy at law does not exist and that injunctive relief to prevent further dissipation of PACA Trust assets must be issued against all Defendants.  Tanamura & Antle, Inc., supra, 222 F.3d at 139.

6.   Standard for TRO.   When evaluating a motion for a temporary restraining order, the Court must consider four factors:  "(1) the likelihood of success on the merits after a full hearing; (2) whether the movant will be irreparably injured without the restraint; (3) whether the party to be enjoined will be irreparably injured if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary relief."  Value Group, Inc. v. Mendham Lake Estates, L.P., 800 F. Supp. 1228, 1231 (D.N.J. 1992) (citing Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990)).

7.   The Court has carefully considered each of these factors.  First, the Court finds Plaintiff is likely to succeed on the merits after a full hearing.  The obligations established by PACA are met by the evidence Plaintiff has proffered.  There is apparently no dispute that this debt is overdue and owing.

8.   The Plaintiff will be irreparably injured without this temporary restraint.  There is a likelihood that the PACA Trust funds will be further dissipated if this relief is not put in

place to preserve the status quo pending the opportunity for a more complete hearing.

9.    Plaintiff has demonstrated that there is little risk that the Defendants to be enjoined would be irreparably injured if this emergent relief is granted; as the Defendants have no right to use the PACA Trust funds for any purpose other than to pay Plaintiff for this produce, the entry of temporary restraints serves that purpose without harm to any cognizable interest of the Defendants.

10.    Finally, the Court finds that the public interest will be strongly served by this emergent relief; Congress has expressed itself in unequivocal terms in PACA of the importance of protecting the interest of the produce of purveyors in these interstate transactions.

11.    Accordingly, the accompanying Order to Show Cause with Temporary Restraints and Without Notice will be entered.  The Court will restrain the Defendants from "alienating, dissipating, paying over or signing any assets of Defendants, Fresh Marketing, Inc., Fresh Marketing Farms, LLC, Ralph Donato, and Maria Donato, their subsidiaries or related companies, except for payment to Plaintiff until further Order of this Court or until Defendants pay Plaintiff the sum of $304,298.50 plus interest, costs, and attorney's fees."  These temporary restraints can be dissolved upon application of Defendants upon at least two days' notice,

for good cause shown after a hearing.  The Preliminary Injunction hearing will be convened on **Tuesday, November 15, 2011 at 2:30 P.M.** before the undersigned in Courtroom 4A, United States Courthouse, 4th and Cooper Streets, Camden, New Jersey.  The briefing schedule is set in the accompanying Order.  The Court will convene a telephone status conference upon request of any attorney, after counsel have spoken among themselves.

12.  The accompanying Order will be entered.  Plaintiff shall promptly make service of all process, including this Memorandum Opinion and Order, upon all Defendants on or before November 3, 2011.

**November 1, 2011**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Judge