IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SPECTRUM PRODUCE
DISTRIBUTING, INC.,

    Plaintiff,

  v.

FRESH MARKETING, INC., ET AL.,

    Defendants.

Civil No. 11-6368 (JBS-KMW)

**MEMORANDUM OPINION**

**SIMANDLE**, Chief Judge:

    This matter is before the Court upon Plaintiff's motion for default judgment on Plaintiff's claims for violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499A. [Docket Item 25.] THIS COURT FINDS AS FOLLOWS:

    1. Between March 2011 and May 2011, Plaintiff sold Defendants nine truckloads of grapes for $325,426.50, and there is an outstanding balance of $304,298.50. Plaintiff, as a seller of perishable agricultural commodities who included the required statutory language in invoices, is a beneficiary of a statutory trust created pursuant to 7 U.S.C. § 499e(c) until full payment is made for the produce.

    2. On November 15, 2011, this Court entered a preliminary injunction "enjoining the Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions from alienating, dissipating, paying over, or signing any assets of Defendants, Fresh Marketing, Inc., Fresh Marketing Farms, LLC,

Ralph Donato and Maria Donato, their subsidiaries or related companies, except for payment to Plaintiff; until further Order of this Court or until Defendants pay Plaintiff the sum of $304,298.50 plus interest, cost and attorney's fees, as set forth before the Court on this 15th day of November, 2011." [Docket Item 14.]

3. The Clerk of Court having entered default against all Defendants, Plaintiff now moves pursuant to Federal Rule of Civil Procedure 55(b) for final judgment for the sum of $304,298.50 plus prejudgment interest at 1.5% per month, attorney's fees in the amount of $59,214.80, and costs in the amount of $770.45.

4. Maria Donato and Ralph Donato are individually liable under PACA because Plaintiff alleges that these individuals control the PACA Trust Assets. See Bear Mountain Orchards, Inc. v. Mich-Kim, Inc., 623 F.3d 163, 169 (3d Cir. 2010) (holding that individual liability under PACA turns on whether the defendant "had the authority to direct the control of (i.e., manage) PACA assets held in trust for the producers.").

5. A party can recover certain costs under PACA other than amounts due for produce "that are due contractually or otherwise 'in connection with' the transaction that is the subject of the PACA trust claim." Pacific Intern. Marketing, Inc. v. A & B Produce, Inc., 462 F.3d 279, 286 (3d Cir. 2006) (citing Middle

2

Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1223 (9th Cir. 2002)).

6. In this case, Plaintiff's invoices contained the following language: "Interest at 1.5% /md. Added to unpaid balance. Interest and Attorney fees necessary to collect any balance due hereunder shall be considered sums owing in connection with the transaction under the 'PACA Trust'." Pls.' Mot. Prelim. Injunction Ex. A (invoices). Because there were multiple invoices containing these terms that were accepted by Defendants, there is good cause for finding that these formed part of the contract for the grapes.

7. Plaintiff is therefore entitled to 1.5% per month interest on the amount due under each invoice up to the date of this judgment. That amount is $40,884.59 plus interest for the period January 12, 2012 to present.

8. While Plaintiff is entitled to "[a]ttorney fees necessary to collect any balance due," Plaintiff has not demonstrated that the amount incurred, $59,214,80, was necessary to collect the balance due. Plaintiff offers no support for the figure, and on its face it would appear to represent more fees than were necessary to prevail in this unopposed case. An application for attorney's fees must comply with L. Civ. R. 54.2, and this submission does not. Additionally, the invoice does not provide for shifting of Plaintiff's costs of filing and service,

and so Plaintiff must separately move for an award of costs pursuant to the applicable law and L. Civ. R. 54.1.  The Court will therefore deny without prejudice the aspect of Plaintiff's motion seeking fees and costs, but permit Plaintiff to file a more complete certification complying with L. Civ. R. 54.2 showing good cause for why the attorney fee sum was necessary and complying with Local Civil Rule 54.1 for cost-shifting.

9.  The Court will therefore enter judgment in the amount of $304,298.50 of unpaid invoices and $40,884.59 in prejudgment interest, plus interest for the period from January 12, 2012 to present at the contractual rate of 1.5% per month.  The accompanying Order will be entered.


**March 12, 2012**                           **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                              Chief U.S. District Judge